IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY RADFORD                                                                                           PLAINTIFF

v.                          Civil No. 1:13-cv-01073

A. TOLLISTER; J. HARPER;
GREGORY D. WOOD; EARL
PORCHIA; NATHAN GREELEY;
and DAVID NORWWOD                                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Tommy Radford pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action in the Eastern District of Arkansas on October 7, 2013. ECF No. 2. The Eastern District properly transferred this matter to this Court on October 15, 2013. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me on the Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 1) and for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

I.   BACKGROUND

Plaintiff is currently incarcerated in the Ouachita County Detention Center ("OCDC") in Camden, Arkansas. Plaintiff filed his original Complaint in the Eastern District of Arkansas on October 7, 2013. ECF No. 2. This case was transferred to this district on October 15, 2013. ECF No. 3. On December 2, 2013, Plaintiff filed a Motion to Amend his Complaint including his Amended Complaint within the Motion. ECF No. 6. The Court granted this Motion and directed the Clerk to file Plaintiff's Motion to Amend as his Amended Complaint. ECF No. 8.

In his Amended Complaint, Plaintiff alleges his constitutional rights were violated on August 23, 2013 when Defendants Tollister and Harper locked him down for three weeks without a hearing. Plaintiff further alleges his constitutional rights were violated when he was placed into D-Pod with Arkansas Department of Corrections ("ADC") committed inmates. Specifically, on September 13, 2013 and October 31, 2013, Plaintiff alleges he was attacked by these inmates. The October 31, 2013 attack caused injuries severe enough that Plaintiff was transported to the Ouachita County Hospital emergency room for stitches. After Plaintiff's hospital trip he was placed in isolation. Plaintiff also alleges that on November 5, 2013 he was placed back into an all ADC committed pod by Defendants Wood and Slay, however, Plaintiff was moved to a detainee pod a few days later. Finally, Plaintiff alleges he was placed in C-Pod, an all ADC committed inmate pod on November 13, 2013. Plaintiff did not indicate whether he was still housed in C-Pod at the time he filed his Amended Complaint or whether any of the inmates that previously attacked him were also housed in C-Pod. ECF No. 9.

**II. DISCUSSION**

Under the terms of the PLRA:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has accumulated more than three strikes in cases filed in this district and the Eastern District of Arkansas. *See e.g.*, *Radford v. Lucas, et al.,* Civil No. 1:07-cv-01033 (W.D. Ark. May 30, 2007); *Radford v. Wiley*, Civil No. 4:06-cv-00819 (E.D. Ark. July 25, 2006); *Radford v. Gonder, et al.,* Civil No. 5:04-cv-00273 (E.D. Ark. Oct. 4, 2004); and *Radford v. Evans, et al.,* Civil No. 5:03-cv-00164 (E.D. Ark. July 21, 2003). Therefore, in order to overcome section 1915(g), Plaintiff must show the Court he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (an inmate with three prior strikes under section 1915(g) may be eligible to proceed IFP if he can show he is in imminent danger at the time of filing his Complaint).

Mere "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to [section] 1915(g) . . . ." *Ashley,* 147 F.3d at 717 ( the imminent danger exception was satisfied when an inmate alleged officials continued to house him with his known enemies despite two prior stabbings). Instead, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (general assertions

3

that officials were trying to kill plaintiff by forcing him to work in extreme whether despite his medical condition were insufficient to trigger the imminent danger exception).

It is clear from his experience in the Eastern District and his previous case in this district that Plaintiff is aware that he has more than the three strikes that trigger the bar of section 1915(g). This is evidenced by Plaintiff's multiple claims of "imminent danger" in his Amended Complaint.

While Plaintiff alleges he is in imminent danger and details two past attacks by ADC committed inmates while he was housed in the D-Pod, Plaintiff fails to allege he is still housed with these attackers or that there is a likelihood he will be attacked again. The danger of physical injury must amount to more than fear that a physical attack could occur at some point in the future in order to invoke the exception to section 1915(g). *See Brown v. Johnson,* 387 F.3d 1344, 1349–1350 (11th Cir. 2004) (plaintiff must present "specific fact allegations ... of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (the prisoner must allege specific factual allegations of ongoing serious physical injury to utilize the section 1915(g) exception). *Cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (imminent danger exception was satisfied when plaintiff produced documentary evidence to support his allegations that prison officials continued to place the plaintiff near his known inmate enemies despite two prior stabbings).

Without specific allegations detailing whether Plaintiff is still being housed with his attackers and allegations as to the likelihood of future injury from attacks by these inmates, the Court cannot find Plaintiff is in imminent danger of any future attacks. Furthermore, Plaintiff made no allegations that his alleged lockdown in August 2013 somehow placed him in imminent danger. Therefore, Plaintiff has not triggered the exception to section 1915(g).

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Proceed IFP (ECF No. 1) be **DENIED**; and Plaintiff's Amended Complaint (ECF No. 9) be dismissed without prejudice pursuant to the three strikes provision of the PLRA. 28 U.S.C. § 1915(g). Additionally, I recommend Plaintiff be instructed that he may file a motion to reopen upon payment of the filing fee.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of December 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5